# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MYRA WILSON** | **CIVIL ACTION NO.: _____** |
| **VERSUS** | |
| **CONTINENTAL DIVIDE INSURANCE CO., A.B.R. AUTO TRANSPORT, INC., JOSUE GONZALES, AND AMERICA FIRST INSURANCE COMPANY (IN ITS CAPACITY AS UNDERINSURED/ UNINSURED MOTORIST CARRIER)** | **JUDGE _____** <br><br> **MAG. JUDGE _____** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b) and 1446, and for the sole purpose of removing this matter to the United States District Court for the Middle District of Louisiana, Defendant, A.B.R. Auto Transport, Inc., states as follows:

### I.     Background and Procedural Requirements

1.      A.B.R. Auto Transport, Inc. is a defendant in the matter captioned *"Myra Wilson vs. Continental Divide Insurance Company, A.B.R. Auto Transport, Inc., Josue Gonzales and America First Insurance Company (In its Capacity as Uninsured/Underinsured Motorist Carrier),"* originally filed in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, under Docket No. C-722,397 Sec. 30 (the "State Court Action"). See Exh. A, State Court Record, p. 1.

2.      Plaintiff filed a Petition for Damages (the "Petition") in the State Court Action on August 17, 2022 (Exh. A, p. 1), which Petition was served on A.B.R. Auto Transport, Inc. on September 9, 2022.

3. This Notice of Removal is timely filed as it is being filed within thirty days after A.B.R. Auto Transport, Inc.'s receipt of the Petition setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b), as computed pursuant to Fed. R. Civ. P. 6(a).

4. Pursuant to 28 U.S.C. § 1446(a) A.B.R. Auto Transport, Inc. attaches as Exhibit "A" hereto a copy of all process, pleadings and orders served on A.B.R. Auto Transport, Inc. in the State Court Action (a certified copy of the entire state court record has been included).

## II. Complete Diversity Exists

5. Plaintiff alleges to be a resident of and domiciliary of the State of Louisiana. See Exh. A, p 1 in the opening paragraph.

6. No properly joined defendant in this action is a citizen of the State of Louisiana, and all defendants are completely diverse from Plaintiff.

7. Defendant A.B.R. Auto Transport, Inc., is a Florida corporation, with its principal place of business located at 6912 N. Lois Avenue, Tampa, Florida 33614. See Exh. A, p. 1.

8. Defendant Josue Gonzales is a resident and domiciliary of Tampa, Florida, and is a citizen of the State of Florida, who resides at 7819 North Glen Avenue, Tampa, Florida 33614. See Exh. A, p. 1 and the Consent to Removal on behalf of Josue Gonzales.

9. Defendant, Continental Divide Insurance Company, is a Colorado insurance corporation with its principal place of business located at 7900 Union Avenue, Ste. 750, Denver, Colorado 80237. See Exh. A, p. 1 and the Consent to Removal on behalf of Continental Divide Insurance Company.

10. Defendant, America First Insurance Company, is a Massachusetts insurance corporation with its principal place of business located in Boston, Massachusetts. See Exh. A, p. 1 and the Consent to Removal on behalf of America First Insurance Company.

11. Complete diversity exists between Plaintiff, Myra Wilson, and defendants, America First Insurance Company, Continental Divide Insurance Company, A.B.R. Auto Transport, Inc., and Josue Gonzales, and this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

### III.    Amount in Controversy

12. Plaintiff's Petition seeks a monetary judgment against defendants, but it does not plead a specific sum demanded or amount in controversy.

13. Louisiana Code of Civil Procedure Art. 893(A)(1) prohibits the inclusion of a specific monetary amount of damages "in the allegations or prayer for relief of any original, amended, or incidental demand."[1]  Further, LA. C.C.P. Art. 893(A)(2) provides that where a petition is filed in violation of LA. C.C.P. Art. 893, "the claim for a specific monetary amount of damages shall be stricken upon the motion of an opposing party and the court may award attorney's fees and costs against the party who filed the petition."

14. Pursuant to 28 U.S.C. §1446(c)(2), Defendants assert that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  In the Petition, Plaintiff alleges to have suffered past and future physical pain and suffering; past and future mental pain and suffering; past and future loss of enjoyment of life; disability to the body;

---

[1] La. C.C.P. Art. 893(A)(1) specifically states, in pertinent part: "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.  The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required…"

past and future medical expenses; loss of past and future earnings; loss of future earning capacity; and loss of consortium. (Exh. A, p. 1).

15. Plaintiff alleges that defendants' actions caused her injuries. (Exh. A, pp. 2-3).

16. Plaintiff generally prays for entry of judgment as to all damages occasioned by plaintiff. (Exh. A, pp. 4-5).

17. Additionally, Plaintiff's counsel has provided the undersigned with medical records and bills, for treatment of injuries allegedly arising out of the accident, indicating the following: (i) Plaintiff has treated with a neurosurgeon regarding disc herniations in her cervical spine; (ii) Plaintiff has undergone at least one cervical epidural steroid injection (ESI); (iii) Plaintiff recently underwent a neck surgery, specifically a cervical arthroplasty at C3-4; (iv) Plaintiff has received a surgical recommendation for her knee, namely a right knee arthroscopy with a partial meniscectomy; (v) and Plaintiff's treatment is ongoing.

18. Further, the cost of Plaintiff's cervical arthroplasty alone was billed at $81,829, while her knee surgery has an estimated cost of $25,000.

19. Given the extent of Plaintiff's alleged injuries and damages, per the medical records provided by plaintiff's counsel and the allegations of the petition, Defendants respectfully submit that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### IV.     Diversity Jurisdiction

20. This action is one over which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil action in which there is complete diversity between the parties, and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### V. Venue

21. Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Middle District of Louisiana is the federal judicial district encompassing the 19th Judicial District Court for East Baton Rouge Parish, State of Louisiana, where this action was originally filed, and the federal judicial district encompassing East Baton Rouge Parish, State of Louisiana, where the actions alleged in the Petition occurred. See Exh. A, p. 2.

### VI. Effectuation of Removal

22. A.B.R. Auto Transport, Inc. hereby removes this action to the United States District Court for the Middle District of Louisiana.

23. By filing this Notice of Removal, A.B.R. Auto Transport, Inc. expressly consents to the removal.

24. The consent to removal by defendant Josue Gonzales is attached as Exhibit "B."

25. The consent to removal by defendant Continental Divide Insurance Company is attached as Exhibit "C".

26. The consent to removal by defendant America First Insurance Company is attached as Exhibit "D".

27. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon A.B.R. Auto Transport, Inc. in connection with the State Court Action are attached hereto as Exhibit "A".

28. The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

29. The undersigned counsel hereby certifies that a copy of this Notice of Removal has been served upon all counsel, including counsel for the Plaintiff. See Exhibit "E", attached hereto.

30. The undersigned counsel further certifies that a notice of filing of notice of removal, along with a copy of this Notice of Removal, will be promptly filed with the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. See Exhibit "F", attached hereto.

## VII.  Relief Requested

31. Defendants request the United States District Court for the Middle District of Louisiana assume jurisdiction over the above-captioned action and issue such further orders as may be necessary to bring before it all parties necessary for trial of this action.

## VIII.  Reservation of Rights

32. By this Notice of Removal, Defendants do not waive any objections, defenses or affirmative defenses it may have to this action, intends no admission of fact and/or liability by virtue of this filing, and expressly reserves the right to supplement this Notice of Removal.

WHEREFORE, based upon this Honorable Court's original jurisdiction over diverse citizens, pursuant to 28 U.S.C. §1332, A.B.R. Auto Transport, Inc. respectfully requests this action proceed in this Honorable Court as an action properly removed from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Respectfully submitted,

**NEUNERPATE**

  */s/ Sarah S. Sonnier*
**KENNETH W. JONES, JR.**  #23803
(kjones@neunerpate.com)
**SARAH SIMMONS SONNIER**  #39339
(ssonnier@neunerpate.com)
One Petroleum Center
1001 W. Pinhook Rd. – Ste. 200
Lafayette, LA 70503
Telephone: 337-237-7000
Fax: 337-233-9450
***Counsel for Defendants, Continental Divide Insurance Company, A.B.R. Auto Transport, Inc., and Josue Gonzales***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

| | | | |
|---|---|---|---|
| ☐ | Hand delivery | ☐ | Prepaid U. S. Mail |
| ☑ | Facsimile/Electronic Mail | ☐ | Federal Express |
| ☐ | Certified Mail/Return Receipt Requested | ☑ | CM/ECF |

Lafayette, Louisiana on the __7th__ day of October 2022.

  */s/ Sarah S. Sonnier*
  Counsel